Case 07-00057-8-RDD    Doc 23    Filed 01/25/07    Entered 01/25/07 15:00:04    Page 1 of 2

**SO ORDERED.**

**SIGNED this 25 day of January, 2007.**

_____
Randy D. Doub
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

| IN RE: | CASE NO. |
|---|---|
| **RANDOLPH THOMAS HOWARD** | **07-00057-8-RDD** |
| **SHIRLEY CLEMONS HOWARD** | |
| **DEBTORS** | |

**ORDER EXEMPTING DEBTOR FROM CREDIT COUNSELING**

This matter is before the court on the motion of the debtors for the exemption from credit counseling of Mr. Randolph Thomas Howard. A hearing was held in Wilson, North Carolina on January 24, 2007.

11 U.S.C. § 109(h)(1) requires that all debtors receive credit counseling within the 180-day period preceding the filing of their bankruptcy petition. § 109(h)(4) provides for an exemption from this requirement if the court determines that the debtor "is unable to complete those requirements because of incapacity, disability, or active military duty in a military combat zone." It further defines "disability" as "so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing required under paragraph (1)."

In this case, Mr. and Mrs. Howard's petition for relief pursuant to chapter 13 of the Bankruptcy Code was filed on January 5, 2007. Mrs. Howard completed the required credit counseling on January 3, 2007, as evidenced by the certificate of credit counseling filed with the court simultaneously with the petition. Mr. Howard, however, did not complete the required credit counseling.

At the hearing of this matter, Mrs. Howard testified that her husband has been traveling to and from Greenville, North Carolina for dialysis treatments since February 2006. He received treatments in Wilson, North Carolina for some period prior to February 2006. On December 18, 2006, Mr. Howard was hospitalized in Pitt County Memorial Hospital. On December 20, 2006, Mr. Howard suffered cardiac arrest, which resulted in his being moved to the intensive care unit and placed on life support for approximately 14 days. Mr. Howard was released from the hospital on January 10, 2007. Since his release from the hospital, Mr. Howard has suffered from short-term memory loss, hearing loss, and limited mobility.

Based on the foregoing, the court finds that Mr. Howard was and is disabled within the meaning of 11 U.S.C. § 109(h)(4), as he was so physically impaired that he could not complete the credit counseling required by § 109(h)(1) in person, by telephone or by internet briefing prior to the filing of the petition in this case. Therefore, the debtors' motion to exempt Mr. Howard from the pre-petition credit counseling requirement is **ALLOWED**.

**SO ORDERED**.

**END OF DOCUMENT**